UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| AUGUSTA HOSPITALITY MANAGEMENT GROUP, LLC; and SHUDH, LLC; ) ) ) Plaintiffs, ) ) v. ) ) DURACLEAN SYSTEMS ) INCORPORATED OF NORTH AUGUSTA; ) and GLOBAL DISASTER RECOVERY, ) INC. ) ) Defendants. | CIVIL ACTION<br><br>FILE NO. _____ |

## **COMPLAINT**

Plaintiffs Augusta Hospitality Management Group, LLC ("Augusta") and Shudh, LLC ("Shudh") submit the following as their Complaint against Duraclean Systems Incorporated of North Augusta ("Duraclean") and Global Disaster Recovery, Inc. ("GDR"), as follows:

PARTIES, JURISDICTION, AND VENUE

(1)    Plaintiffs Augusta and Shudh are Georgia corporations with their principal places of business Augusta, Georgia.

(2)    Defendant Duraclean is a South Carolina corporation with its principal place of business located in the State of South Carolina.

(3)    GDR is a Florida corporation, with its principal place of business located in the State of Florida.

(4)    This Court has jurisdiction over the instant matter, pursuant to 28 U.S.C. § 1332, as the matters in controversy exceed the sum or value of $75,000, and the instant action is between citizens of different states.

(5)     Venue is proper in this Court, as the Plaintiffs are located in Augusta, Georgia, and the subject matter which gives rise to Plaintiff's Complaint occurred in Augusta, Georgia.

## FACTUAL BACKGROUND

(6)     Plaintiff Shudh owns and Plaintiff Augusta operates a Baymont Inn Suites & Hotel located at 629 Frontage Road, Augusta, Georgia 30907.

(7)     On or about May 2, 2015, a teenage guest staying at the hotel activated a sprinkler head on the third floor of the hotel, causing water expulsion on the third floor of the hotel and resulting in damage to the first, second, and third floors of the hotel and requiring immediate emergency water removal and restoration services.

(8)     As a result of this loss, representatives from Augusta contacted Duraclean to provide emergency water removal and restoration services.  At the time of the engagement, Duraclean provided no fixed price, estimated price, or scope of work for the services that it would provide on this project.

(9)     After initiating some work at the hotel, Duraclean retained the services of GDR to assist it with the project.  At no time before the ending phases of the project did GDR provide Plaintiffs and/or Duraclean with any price estimates, fixed price figures, or written scope of work.

(10)    Towards the end of the project, Duraclean presented Augusta with a GDR labor invoice in excess of $300,000.  This was followed shortly thereafter with a total invoice of $1,246,842.14, which covered both Duraclean and GDR's combined work on the project.

(11)    Both Duraclean and GDR filed materialman's liens on the hotel property owned by Shudh to enforce the collection of the $1,246,842.14 invoice. This bill included Duraclean charging 10% profit and 10% overhead mark ups on GDR's work.

(12)   Defendants failed to perform their work on the subject property in a workmanlike manner by, *inter alia*, violating industry codes and standards, performing unnecessary and/or excessive work, damaging business personal property, and grossly and deliberately charging Plaintiffs for the work that was not needed.  Moreover, these actions ultimately delayed the reopening of the hotel.

(13)   Plaintiffs seek declaratory relief from this Court to determine the parties' respective rights and obligations, either in contract or in equity.

## COUNT I

(14)   Plaintiffs incorporate Paragraphs 1-13 of their Complaint into this Count, as though set forth in full.

(15)   To the extent that a contract existed between Augusta and Duraclean, Duraclean breached that contract by, *inter alia*, charging for the supervision of GDR's work when GDR failed to do so in a proper, workmanlike manner, violating and allowing GDR to violate industry standards and codes, performing and allowing to be performed unnecessary and/or excessive work, and intentionally charging for work that should never have been performed.

(16)   As a result of Duraclean's breach of contract, to the extent a contract existed, Augusta seeks a declaratory judgment by the Court to determine what sums, if any, are properly due to Duraclean and/or what sums Duraclean owes to Plaintiffs for damaged business personal property, lost profits, and increased costs due to its unnecessarily prolonging and allowing GDR to prolong remediation times.

(17)   To the extent that Duraclean is seeking equity damages in *quantum meruit* from it, Shudh requests that this Court provide it with declaratory relief as to what sums may be owed to Duraclean in light of Duraclean's failure to act in a workmanlike manner, violation of industry code and standards, performing unnecessary and/or excessive work,

3

and charging for work that should never have been performed and what sums Duraclean owes it for damaged business personal property, lost profits, and increased costs due to its unnecessarily prolonging and allowing GDR to prolong remediation times.

## COUNT II

(18) Plaintiffs incorporate Paragraphs 1-17 of their Complaint into this Count, as though set forth in full.

(19) Defendant GDR has filed a lien against Plaintiff Shudh's hotel property, seeking the sum of $669,385.59, an amount that was included in Duraclean's bill to Augusta and lien sum, for the work it performed on the subject property.

(20) In performing its work on the subject property, GDR failed to perform its work in a workmanlike manner by, *inter alia*, violating applicable industry codes and standards, deliberately performing work that was unnecessary and/or excessive in order to increase its billing totals, prolonging its work on the subject property in order to increase equipment rental and labor fees, and damaging business personal property in the performance of its work.

(21) While GDR admits that it did not have a contract with Plaintiffs, it is seeking enforcement of its lien and claim for $669,385.59 in equity, pursuant to a *quantum meruit* claim.

(22) Shudh seeks declaratory relief from this Court in determining what rights and obligations the parties have to each other as a result of the work performed by GDR at the subject property. Shudh also asks the Court to determine what sums GDR owes it for damaged business personal property, lost profits, and increased costs due to its unnecessary efforts employed to prolong remediation times.

## COUNT III

(23) Paragraphs 1-22 are incorporated into this Count of Plaintiffs' Complaint, as though set forth in full.

(24) Defendants negligently performed their work on the subject property by, *inter alia*, failing to meet industry codes and standards, performing work that was unnecessary and/or excessive, damaging business personal property, and improperly delaying the completion of work on the subject property.

(25) As a result of Defendants' negligence, Plaintiffs sustained, *inter alia*, property damage, lost revenues, increased business interruption losses, and increased labor costs, totaling in excess of $10,000.

## COUNT IV

(26) Paragraphs 1-25 are incorporated into this Count of Plaintiffs' Complaint, as though set forth in full.

(27) Defendant GDR has acted in bad faith, has been stubbornly litigious, and/or has caused the Plaintiffs unnecessary trouble and expense in pursuing damage amounts and filing liens for sums they knew were not properly owed, thereby entitling Plaintiffs to recover attorney's fees from the Defendants.

WHEREFORE, Plaintiffs pray as follows:

i. that the Court divide the declaratory relief requested and enter judgment against Defendants in an amount to be determined at trial;

ii. that the Court enter judgment against the Defendants for reasonable attorney's fees and/or costs;

iii. that the Court enter judgment in favor of Plaintiffs entitling Plaintiffs to pre-judgment interest for any amounts the Defendants properly owe Plaintiffs;

iv. that the Court block the foreclosure of the liens filed against Shudh;

      v.      that all costs of this action be assessed against the Defendants; and

      vi.      that the Court grant Plaintiffs such other and further relief as the Court deems proper.

Respectfully submitted, this 2nd day of October, 2018.

| | |
|---|---|
| ***s/ Fred Ferrand*** | ***s/ James Weston*** |
| Georgia Bar No. 259169 | Georgia Bar No. 750251 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| SWIFT, CURRIE, MCGHEE & HIERS, LLP | TROTTER JONES, LLP |
| 1355 Peachtree St. NE – Suite 300 | 3527 Walton Way |
| Atlanta, GA  30309 | Augusta, GA  30909 |
| Telephone:  (404) 874-8800 | Telephone:  (706) 737-3138 |
| Email:  Fred.Ferrand@SwiftCurrie.com | Email:  jamie@trotterjones.com |